UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID W. NAIL, )
)
            Petitioner, )
)
            v. )          CAUSE NO. 3:08-CV-400 WL
)
SUPERINTENDENT, )
)
            Respondent. )

OPINION AND ORDER

David W. Nail, a *pro se* prisoner, filed a habeas corpus petition. On December 27, 2007, in case number WCC 07-12-0355, the Westville Correctional Facility Disciplinary Hearing Body (DHB) found him guilty of violating A100. As a result, he was deprived of 112 days of earned credit time and demoted to credit class 3.

Mr. Nail enumerates only three grounds, but he presents more than one basis for relief in each one. Before the court addresses his specific claims, it is important to note that Mr. Nail clearly misunderstands the prison disciplinary process. Long ago, the United States Supreme Court recognized that, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings . . . take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.*, at 561.

> [T]here would be great unwisdom in encasing the disciplinary procedures in an inflexible constitutional straitjacket that would necessarily call for adversary proceedings typical of the criminal trial, very likely raise the level of confrontation between staff and inmate, and make more difficult the utilization of the disciplinary process as a tool to advance the rehabilitative goals of the institution.

*Id.*, at 563. "Disciplinary proceedings in state prisons . . . involve the correctional process and important state interests other than conviction for crime." *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976). "The requirements of due process are considerably relaxed in the setting of prison discipline . . .." *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In this prison disciplinary proceeding, Mr. Nail was charged with A100 which makes it a violation to commit any act which is criminalized by federal, state, or local laws. In effect, this rule incorporates all of the criminal laws applicable to free citizens rather than attempting to re-write them directly into the prison rules. This is a reasonable and space saving way of placing prisoners on notice that they are expected to conform their behavior with the law and that they may be disciplined by prison authorities if they do not.

Turning now to his first ground for seeking habeas corpus relief, Mr. Nail notes that Robert Hough, who wrote the conduct report which initiated his disciplinary proceeding, is not a prosecutor. This is certainly true, but irrelevant. Mr. Nail was charged with the violation of a prison rule and the constitution does not require that prison disciplinary proceedings be initiated by prosecutors. Additionally, Mr. Nail asserts that prison rules require that criminal activity be reported to the proper authorities. Based on this record, it is not entirely clear that such a report was not made even though Mr. Nail states that he has not yet been criminally charged. After all, not every event reported to the police or the prosecutor results in the filing of criminal charges. So too, sometimes there is a significant delay between when a report is filed and when formal criminal charges are brought against an accused. So the absence of criminal charges alone is not proof that a report was not filed. Nevertheless, even if no report to outside authorities was made, the violation of the prison's policy by prison officials is not a basis for habeas corpus relief because, "[i]n conducting habeas review,

a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In his second ground, Mr. Nail continues his first argument by noting that the Allen County Prosecutor and the United States Attorney have jurisdiction over his criminal behavior. He argues that the DHB is not a court, which is true,[1] but then he draws the erroneous conclusion that the DHB was without authority to hear his case and punish him for violating the prison rule. As previously explained, this is incorrect. Mr. Nail is a prisoner and the prison officials do have the authority, subject to limited due process protections, to punish him for violating the prison rule which prohibits him from violating a federal, state, or local law. The fact that a State prosecutor or the United States Attorney also have jurisdiction to prosecute him does not alter his status as an inmate nor the authority of the prison to punish him.

In his third ground, Mr. Nail presents a number of due process claims. He argues that he was denied due process because documents that he wanted to present were not photocopied. Though *Wolff* entitles Mr. Nail the right to present relevant exculpatory evidence, it does not require the making of photocopies.

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (parallel citations omitted).

Mr. Nail argues that he was denied due process when the DHB refused to take his documents. The Screening Report on this charge shows that Mr. Nail waived the presentation of

---

[1] "[A] prison disciplinary board is not a court . . .." *Scruggs v. Jordan*, 485 F.3d 934, 938 (7th Cir. Ind. 2007) *quoting Pannell v. McBride*, 306 F.3d 499, 502 (7th Cir. 2002) (quotation marks omitted).

witnesses and evidence. That form specifically cautioned him that, "Failure to request witness(es) or physical evidence may waive your right to have the witness' testimony or physical evidence presented/considered at your hearing." DE 1-7. Because he waived the presentation of evidence, it was not a due process violation for the DHB to refuse to accept it. *See Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997) ("The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses.") *abrogated on other grounds by White v. Indiana Parole Bd.*, 266 F.3d 759, 765–66 (7th Cir. 2001). Here, the Report of Disciplinary Hearing (DE 1-9) shows that the DHB considered the statements Mr. Nail made at the hearing. Therefore, he had the opportunity to explain the relevance of his documents and ask the DHB to accept them. Nevertheless, because he waived the presentation of evidence, he was not denied due process when they were refused.

Finally, Mr. Nail returns to the recurrent theme of his petition with yet another twist. He argues that a violation of A100 can only occur after he has been tried and convicted in a court of law. This is simply backwards. Such a scheme would significantly delay prison discipline and therefore run counter to the "swift punishment" that the United States Supreme Court has recognized warrants limiting due process rights in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (U.S. 1974). He argues that a criminal prosecution must precede the prison disciplinary action because only a court of law can determine that he broke the law. This is simply wrong. Prison disciplinary boards do have the authority to determine whether an inmate violated a law in contravention of prison rules. *See generally Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("[O]fficials charged Northern with an Adult Disciplinary Procedures Code 100-A conduct violation for violating Indiana Code § 35-41-5-2(a) (conspiracy) and § 35-44-1-1(a)(2)(bribery).").

*See also Reed v. Anderson*, 141 F. Supp. 2d 961, 964 (N.D. Ind. 2001) ("[G]uilty of violating ISP

offense 'Class A-100--Dealing in Marijuana' . . .."); *Wade v. Farley*, 869 F. Supp. 1365, 1376 (N.D.

Ind. 1994) ("[C]harged for a Class A-100 conspiracy to commit a felony."); and *Holtz v. Richards*,

779 F. Supp. 111, 112 (N.D. Ind. 1991) ( "He was charged by the CAB with a violation of a federal,

state or local law, 'attempted suicide,' I.C. § 35-45-5-1."). Furthermore, it is broadly accepted that

criminal prosecutions follow prison disciplinary proceedings.

> We have previously held that prison discipline does not preclude a
> subsequent criminal prosecution or punishment for the same acts. *United States v.*
> *Shapiro*, 383 F.2d 680, 683 (7th Cir. 1967). Every other Circuit that has addressed
> this issue has agreed. *See, e.g. United States v. Rising*, 867 F.2d 1255, 1259 (10th
> Cir. 1989); *Kerns v. Parratt*, 672 F.2d 690, 691-92 (8th Cir. 1982); *Fano v.*
> *Meachum*, 520 F.2d 374, 376 n.1 (1st Cir. 1975), *rev'd on other grounds*, 427 U.S.
> 215, 49 L. Ed. 2d 451, 96 S. Ct. 2532 (1976); *United States v. Herrera*, 504 F.2d
> 859, 860 (5th Cir. 1974); *United States v. Stuckey*, 441 F.2d 1104, 1105-06 (3d Cir.),
> *cert. denied*, 404 U.S. 841, 30 L. Ed. 2d 76, 92 S. Ct. 136 (1971); *United States v.*
> *Apker*, 419 F.2d 388 (9th Cir. 1969); *Hamrick v. Peyton*, 349 F.2d 370 (4th Cir.
> 1965); *Gibson v. United States*, 161 F.2d 973, 974 (6th Cir. 1947); *see also*
> *Caudle-El v. Peters*, 727 F. Supp. 1175, 1178 (N.D. Ill. 1989); *Gloria v. Miller*, 658
> F. Supp. 229, 235 (W.D. Okl. 1987); *Sierra v. Lehigh County Pennsylvania*, 617 F.
> Supp. 427, 430-31 (E.D. Pa. 1985).

*Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. Wis. 1994).

Mr. Nail has not advanced any basis for habeas corpus relief in this petition. Therefore it

must be denied.

> If it plainly appears from the petition and any attached exhibits that the petitioner is
> not entitled to relief in the district court, the judge must dismiss the petition and
> direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the habeas corpus petition (DE 1) is **DENIED**.

SO ORDERED.

ENTERED: September  19 , 2008

 s/William C. Lee
William C. Lee, Judge
United States District Court